
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6057 | **DATE** | 10/12/2001 |
| **CASE TITLE** | Mark E. Thompson vs. Illinois Department of Professional Regulation, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Report and recommendation recommending that plaintiff Mark E. Thompson's request for a preliminary injunction [4-1] be denied is hereby entered of record. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 5 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 16 2001 date docketed | 43 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 10/12/2001 | |
| ✓ | Copy to judge/magistrate judge. | | date mailed notice | |
| | IS | courtroom deputy's initials | 01 OCT 12 PM 1:33 Date/time received in central Clerk's Office | IS mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK E. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 01 C 6057 |
| | ) | |
| v. | ) | Judge Suzanne B. Conlon |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | Magistrate Judge |
| PROFESSIONAL REGULATION, | ) | Martin C. Ashman |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Mark Thompson filed suit against the Illinois Department of Professional Regulation, Leonard Sherman, director of the Illinois Department of Professional Regulation, Walter Dudycz, Illinois state senator, Bob Dudycz, Maine Township supervisor and brother of Walter Dudycz, and William Darr, committeeman of the Maine Township Regular Republican Organization, alleging deprivation of First Amendment rights in violation of 42 U.S.C. § 1983 and breach of contract under Illinois law. An amended complaint, filed over one month later, dismissed the Illinois Department of Professional Regulation as a party and included additional § 1983 claims alleging deprivation of certain Fourteenth Amendment rights. All of the claims emanated from Sherman's employment decision to transfer Thompson from one position to another.

Presently before this Court is Thompson's request for a preliminary injunction.[1] For the following reasons, this Court recommends that Thompson's request be denied.[2]

**I.**

Sherman appointed Thompson to a Deputy General Counsel position at the Illinois Department of Professional Regulation in October 1999. On April 1, 2000, Sherman transferred Thompson from the Deputy General Counsel position to a Chief Administrative Law Judge position. All the while, Thompson was a member of the Republican party and lived near Chicago, where he worked.

For the April 2001 Maine Township election, Thompson decided not to support Republican candidate Bob Dudycz. Instead, Thompson supported the Democratic candidate running against Bob Dudycz. This allegedly upset Walter Dudycz, Bob Dudycz, and Darr, and caused them to contact Governor George Ryan for the purpose of retaliating against Thompson. In May 2001, Sherman, purportedly at the direction of Governor Ryan, transferred Thompson from the Chief Administrative Law Judge position to a Chief of Enforcement Administration position. The transfer required Thompson to work in Springfield. Thompson viewed the transfer as a demotion.

---

[1] In terms of procedure, or lack thereof, this Court will treat Thompson's Memorandum in Support of Motion for Preliminary Injunction as a motion for a preliminary injunction. To date, Thompson has not filed a motion for a preliminary injunction.

[2] This matter comes before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1 for a report and recommendation.

- 2 -

On August 7, 2001, Thompson filed a complaint in federal court against the Illinois Department of Professional Regulation, Sherman, Walter Dudycz, Bob Dudycz, and Darr asserting two causes of action: one under § 1983 for violation of First Amendment rights, the other under Illinois law for breach of contract. In addition to compensatory damages, Thompson sought immediate injunctive relief—a judicial order requiring Sherman to transfer Thompson back to the Chief Administrative Law Judge position in Chicago. During the month of August, the parties fully briefed the injunctive relief issue.

On September 14, 2001, Sherman transferred Thompson from the Chief of Enforcement Administration position in Springfield to a Deputy General Counsel position in Chicago, with a promise to keep Thompson in Chicago during the pendency of this litigation. On September 20, 2001, Thompson filed an amended complaint, dismissing the Illinois Department of Professional Regulation as a party and adding § 1983 claims for violation of procedural and substantive due process rights and equal protection under the law. As in the original complaint, Thompson sought temporary reinstatement to the Chief Administrative Law Judge position in Chicago by order of the court. We now provide a recommendation on whether a preliminary injunction should be issued.

## II.

To obtain preliminary injunctive relief, the moving party must show that he has a reasonable likelihood of succeeding on the merits of his claim, that he has no adequate remedy at law, that he will suffer irreparable harm if preliminary injunctive relief is denied, that the irreparable harm he will suffer in the absence of preliminary injunctive relief is greater than the

harm that the nonmoving party will suffer if preliminary injunctive relief is granted, and that preliminary injunctive relief will not harm the public interest if granted. *Kiel v. City of Kenosha*, 236 F.3d 814, 815-16 (7th Cir. 2000). As a preliminary injunction is an extraordinary and drastic remedy, the moving party must make a clear showing as to all of the preceding requirements. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Allan Wright et al., Federal Practice and Procedure § 2948, at 129-30 (2d ed. 1995)).

Initially, we note that Thompson's requests for preliminary injunctive relief as to Count I and Count II are moot due to Judge Suzanne Conlon's October 2, 2001 ruling. *See Thompson v. Ill. Dep't of Prof'l Regulation*, No. 01 C 6057, at 4, 6 (N.D. Ill. dated Oct. 2, 2001) (granting Sherman's Motion to Dismiss Count I and Count II). Hence, we need only decide if preliminary injunctive relief is warranted as to Count III.

Count III sets forth three separate claims under § 1983: one for violation of substantive due process rights under the Fourteenth Amendment, another for violation of procedural due process rights under the Fourteenth Amendment, and a third for violation of equal protection under the law pursuant to the Fourteenth Amendment. To establish a substantive due process claim, a plaintiff must establish, at a minimum, that the defendant deprived the plaintiff of a constitutionally protected "life, liberty, or property interest." *Bevell v. Breashears*, No. 98 C 690, 1999 WL 102773, at *3-4 (N.D. Ill. Feb. 22, 1999) (quoting *Zorzi v. County of Putnam*, 30 F.3d 885, 894 (7th Cir. 1994)). To establish a procedural due process claim, a plaintiff must show that the defendant deprived the plaintiff of constitutionally protected property without due process of law. *Lewandowski v. Two Rivers Pub. Sch. Dist.*, 711 F. Supp. 1486, 1493 (E.D. Wis. 1989). To establish an equal protection claim, a plaintiff must demonstrate that he was a member of a

protected class, that he was treated differently than other similarly situated people outside of his protected class, that he suffered an adverse employment action, and that the defendant acted with discriminatory intent. *McPhaul v. Bd. of Comm'rs of Madison County*, 226 F.3d 558, 564 (7th Cir. 2000).

We find that preliminary injunctive relief is unwarranted as to all three claims contained in Count III because Thompson has failed to develop an argument and provide this Court with supporting case law. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."); *Anderson v. Hale*, No. 00 C 2021, 2001 WL 417991, at *11 n.6 (N.D. Ill. Apr. 23, 2001) (same). All of the memoranda before this Court were filed before Thompson's Count III came into existence. (*See* Pl.'s Reply Mem. Supp. Mot. Prelim. Inj. at 1 (referring only to Thompson's two-count Verified Complaint).) The obligation to conduct research and construct an argument falls on the moving party. Because this obligation has not been performed by Thompson, we must deny Thompson the drastic relief he seeks.

In any event, argument or no argument, case law or no case law, preliminary injunctive relief must be denied at least with respect to the due process claims in light of Judge Conlon's October 2, 2001 ruling. By ruling that Thompson could be removed or demoted for purely political reasons, Judge Conlon foreclosed any possibility of Thompson's establishing the existence of a property interest in the Chief Administrative Law Judge position. The absence of a property interest is fatal to any due process claim, procedural or substantive. *Bevell*, 1999 WL 102773, at *3-4; *Lewandowski*, 711 F. Supp. at 1492-93.

## III.

For the reasons stated, this Court recommends that Thompson's request for a preliminary injunction be denied.

Dated: October 12, 2001.

MARTIN C. ASHMAN
United States Magistrate Judge

Written objections to any finding of fact, conclusion of law, or the recommendation for disposition of this matter must be filed with the Honorable Suzanne B. Conlon within ten (10) days after service of this Report and Recommendation. *See* FED. R. CIV. P. 72(b). Failure to object will constitute a waiver of objections on appeal.

Copies have been mailed to:

LAUREL G. BELLOWS, Esq.
LESLIE P. POOLE, Esq.
Bellows and Bellows, P.C.
79 West Monroe Street
Suite 800
Chicago, IL 60603

Attorneys for Plaintiff, Mark E. Thompson

THADDEUS S. GAUZA, Esq.
Law Offices of Thaddeus Gauza
140 South Dearborn Street
Suite 1610
Chicago, IL 60603

Attorney for Defendants, Bob Dudycz
 and Walter Dudycz

JEFFREY D. COLMAN, Esq.
DAVID JIMENEZ-EKMAN, Esq.
GREGORY M. BOYLE, Esq.
ERIN R. SCHRANTZ, Esq.
Jenner & Block, L.L.C.
One IBM Plaza
Chicago, IL 60611

Attorneys for Defendants, Illinois
 Department of Professional Regulations
 Leonard A. Sherman

SAMUEL J. RUFFOLO, Esq.
Baum, Ruffolo & Marzal, Ltd.
Three First National Plaza
70 West Washington Street
Suite 400
Chicago, IL 60602

Attorney for Defendant, William A. Darr